**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

REGINALD LUSTER and
REGINALD LUSTER, P.A.,
a Florida Corporation-for-Profit,

    Plaintiffs,

v.                                    Case No. 3:18-cv-1441-J-32JBT

THE FLORIDA BAR,

    Defendant.

## **O R D E R**

    Attorney Reginald Luster and his law firm, Reginald Luster, P.A.,[1] filed this civil rights lawsuit on December 4, 2018 seeking declaratory and injunctive relief against The Florida Bar, alleging that its efforts to subpoena records from his firm's trust account at Wells Fargo Bank violated his Fourth and Fourteenth Amendments. See Doc. 1. On December 10, 2018, Luster filed a motion for a temporary restraining order, seeking to restrain the Bar's enforcement of the bank subpoena; restrain its possession, review, use, analysis, and copying of his

---

[1] Reginald Luster is the sole shareholder and managing law partner of the law firm Reginald Luster, P.A., where he practices law with associate attorneys and the support of legal staff. See Doc. 5 at ¶ 2. Both plaintiffs are referred to collectively here in the singular as "Luster."

trust account records; restrain its continued preparation, finalization, certification, and publication of an audit; and requiring that subpoenaed bank records be turned over to the Court. See Doc. 4. Luster supplemented his filings and gave notice to the Bar (see Docs. 5, 7, 9, 10), and the Court held a telephone hearing on the motion on December 17, 2018, the record of which is incorporated by reference. The Court denied the motion for a temporary restraining order on the record, but determined it would further address the motion as seeking a preliminary injunction, and ordered briefing and supplementation of the record. See Docs. 12, 14, 16, 20, 21, 22. At the hearing on the temporary restraining order, The Florida Bar voluntarily agreed that it would not make any matters public regarding the investigation until the Court ruled on the motion for preliminary injunction.[2]

---

[2] According to Luster's complaint (Doc. 1) and supplemental filings, the investigation began when a doctor who treated four of his clients complained to The Florida Bar that Luster had not paid him for services rendered. Luster and the doctor resolved that matter and the doctor withdrew his complaint, but the grievance committee to which the matter had been referred determined to continue the investigation. The grievance committee interviewed Luster and the four clients, and Luster produced copies of requested files. Luster alleges that the interviews and file review did not reveal any trust account violations or errors. Nonetheless, the grievance committee determined to audit Luster's trust account and issued a records subpoena to Wells Fargo. Luster moved to quash the bank subpoena, but the grievance committee denied the motion. Luster filed a notice of appeal with the Florida Supreme Court, which construed the notice as a motion to quash subpoena and denied it. Thereafter, through briefing on a motion for rehearing in the Florida Supreme Court, Luster learned that the bank had already produced the records and that the grievance committee's audit of Luster's trust account was almost complete. At that point,

A motion for preliminary injunction can only be granted if a plaintiff establishes "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." Keister v. Bell, 879 F.3d 1282, 1287 (11th Cir. 2018) (citations and quotation omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to each of the four requisites." Id. (citation and quotation omitted). Because each of the four elements must be proven to secure injunctive relief, "[i]f any element is not proven, there is no need to address the others." Sofarelli v. Pinellas County, 931 F.2d 718, 724 (11th Cir. 1991) (citation omitted).

The Florida Bar argues that Luster cannot demonstrate a substantial likelihood of success on the merits because the Younger doctrine requires the

---

Luster filed a motion to suppress the records and audit in the Florida Supreme Court, and filed this suit and the motion for temporary restraining order, alleging that The Florida Bar had violated his Fourth and Fourteenth Amendment rights. In February of this year, the Florida Supreme Court denied Luster's motion to suppress, and dismissed his motion for reconsideration on the grounds that now retired members of the Florida Supreme Court left the original panel without a quorum to reconsider its original ruling. See Doc. 22. The parties' efforts to resolve this matter were unsuccessful and they have now asked the Court to rule on the motion for preliminary injunction. See Docs. 23, 24, 28, 30.

Court to abstain from exercising jurisdiction over his claims.[3] Under the Younger doctrine, federal courts may not interfere with certain ongoing state proceedings. Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431-32 (1982). In the civil context, Younger abstention applies if the following three questions are answered affirmatively: first, is the matter "an ongoing state judicial proceeding"; "second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." Id. at 432 (emphasis omitted). "A federal court need not abstain, however, if the plaintiff shows that the proceedings were instituted in bad faith or as harassment, or if there are other 'extraordinary circumstances' justifying federal judicial intervention." Thompson v. Florida Bar, 526 F. Supp. 2d 1264, 1272 (S.D. Fla. 2007) (quoting Middlesex, 457 U.S. at 432-37).

Luster challenges the first prong, arguing that a state civil proceeding would only begin after a finding of probable cause of a violation, the filing of a formal complaint, or service of a notice to the attorney to answer a complaint. He contends that the grievance committee's issuance of a subpoena duces tecum and his challenge to that subpoena are investigative matters which predate civil proceedings.

---

[3] Younger v. Harris, 401 U.S. 37 (1971).

4

While it is true that the absence of a state civil proceeding precludes application of the Younger doctrine, Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992), state bar disciplinary proceedings are "judicial in nature," and are thus considered "ongoing state judicial proceedings." Middlesex, 457 U.S. at 433-34. The grievance committee is an agency of the Florida Supreme Court, which maintains exclusive jurisdiction over the discipline of persons admitted to the practice of law in Florida. See Art. V, § 15, Fla. Const. (establishing Florida Supreme Court's exclusive jurisdiction over attorney discipline); Rule 3-3.1, Rules Regulating The Florida Bar (designating grievance committee as agency of the Florida Supreme Court for purposes of administering the court's exclusive jurisdiction over attorney discipline). The grievance committee acts "subject to the supervision and review of the court," Rule 3-3.1, and the Rules set forth the process by which a grievance committee shall act upon receipt of a complaint. Rule 3-7.4.

Although a lawyer under investigation is not considered to be a party to a grievance committee's proceeding and does not have a right to participate in its investigative process, the grievance committee is required to give the attorney notice of the investigation and an opportunity to be heard before issuing a finding of probable cause. Florida Bar v. Simon, 171 So. 2d 372, 374 (Fla. 1964); Rule 3-7.4(h). As with the New Jersey rules examined in Middlesex, The Rules Regulating The Florida Bar demonstrate that the Florida

5

Supreme Court "considers its bar disciplinary proceedings as judicial in nature.'" Middlesex, 457 U.S. at 433-34; see also Matter of Calvo, 88 F.3d 962, 965 (11th Cir. 1996) (stating that "bar disciplinary actions . . . are essentially judicial in nature").

For these purposes, those proceedings begin when The Florida Bar opens an inquiry. Mason v. The Florida Bar, No. 6:05-cv-627-28JGG, 2005 WL 3747383, *4 (M.D. Fla. Dec. 16, 2005) (collecting cases and finding that for purposes of Younger abstention doctrine, bar proceedings begin when an inquiry is opened, even if it has not yet been referred to a grievance committee; otherwise, lawyers "could easily circumvent Younger" by filing federal cases as soon as they learn of a bar investigation), 2006 WL 305483 (M.D. Fla. Feb. 7, 2006) (adopting Report and Recommendation and granting motion to abstain); see also Wrightsman v. Texas Supreme Court, 84 F.3d 188, 190 (5th Cir. 1996) (affirming abstention under Younger at "early stages" of disciplinary process, before lawyer had appeared before grievance committee); Hensler v. Dist. Four Griev. Comm., 790 F.2d 390, (5th Cir. 1986) (affirming dismissal of attorney's § 1983 complaint against Texas Bar grievance committee and motion for temporary restraining order to stop committee's investigation because matter was barred by Younger doctrine).

Moreover, as is clear from the record, even though the grievance committee had not yet (and has not yet) issued its findings, at the time Luster

6

filed this suit, the Florida Supreme Court had his motion for rehearing and motion to suppress under advisement, motions which (though now resolved) would have been affected by a ruling from this Court on Luster's claims (as would the grievance committee's process). See 31 Foster Children v. Bush, 329 F.3d 1255, 1275 (11th Cir. 2003) (explaining that the first Middlesex factor implies that the ongoing state proceedings would be affected by a ruling from the federal court); see also Henry v. The Florida Bar, No. 6:15-cv-1009-Orl-41TBS, 2016 WL 9631676 (M.D. Fla. May 27, 2016) (finding Younger applied where attorney's motion for rehearing was pending with the Florida Supreme Court when federal suit was filed and, if granted, the requested relief would have interfered with those proceedings). The first factor of the Younger doctrine is satisfied.

As to the second factor—state interest in the matter—"Florida has a substantial interest in regulating the practice of law within the State." Sperry v. State of Florida ex rel. The Florida Bar, 373 U.S. 379, 383 (1963); see also The Florida Bar v. Went For It, Inc., 515 U.S. 618, 625 (1995) ("We have little trouble crediting the [Florida] Bar's interest [in regulating its lawyers] as substantial."). In furtherance of that interest, The Florida Bar requires that trust account records be maintained and preserved as part of the "unique fiduciary duty which lawyers, individually and as a profession, owe to their clients." The Florida Bar v. Ward, 599 So. 2d 650, 652 (Fla. 1992) (citing The

7

Florida Bar v. Dancu, 490 So. 2d 40, 41-42 (Fla. 1986)); see also The Florida Bar v. Rousso, 117 So. 3d 756, 767 (Fla. 2013) (disbarring attorneys for failure to properly manage trust account, citing Ward). The Florida Supreme Court's "primary purpose in the disciplinary process is to assure that the public can repose [its] trust [in lawyers] with confidence." Dancu, 490 So. 2d at 41-42. Indeed, the Florida Supreme Court "has long held that the misuse of client funds 'is one of the most serious offenses a lawyer can commit.'" The Florida Bar v. Brutus, 216 So. 3d 1286, 1290 (Fla. 2017) (citation omitted). Florida's interest in this matter is beyond dispute and Luster makes no argument to the contrary.

As to the third prong, the efficacy of the Florida state court to hear Luster's challenges, "the Florida Supreme Court is able to hear and address any federal constitutional claims asserted by [a lawyer] in the disciplinary proceedings if those claims have been unsuccessful before the referee, the grievance committee, or the Board of Governors." Thompson, 526 F. Supp. 2d at 1275; see also Mason, 2005 WL 3747383, at *5 ("[T]here is abundant opportunity for a lawyer facing disciplinary charges to raise constitutional issues at almost every stage of the Florida proceedings.") (listing cases).

Luster, who bears the burden of demonstrating that state procedural law "bars presentation of [his] claims," Moore v. Sims, 442 U.S. 415, 432 (1979), argues that his claims raise a constitutional facial challenge to the Bar Rule

8

that permits the grievance committee to review his trust account records (Rule 5-1.2(g)(8)), claims which he contends fall outside any abstention doctrine. But The Florida Bar is able to address facial challenges to its rules. See, e.g., The Florida Bar v. Fredericks, 731 So. 2d 1249, 1253-54 (Fla. 1999) (addressing lawyer's challenge that bar's notice rules violate due process); The Florida Bar v. Daniel, 626 So. 2d 178, 182-84 (Fla. 1993) (addressing lawyer's challenges that bar costs rule was unconstitutional and that bar's jurisdictional rule was an invalid exercise of legislative power). Moreover, in Middlesex itself, where the Supreme Court found the Younger abstention doctrine barred the federal suit, the lawyer was raising facial challenges to the bar's disciplinary rules; thus, such claims do not preclude the application of Younger abstention. Middlesex, 457 U.S. at 429. See also Wrightman, 84 F.3d at 191 (rejecting argument that facial challenge to bar rule precluded Younger abstention). The third prong of the Younger abstention doctrine is satisfied.

There are exceptions to the Younger doctrine for instances of bad faith prosecutions meant to harass or discourage persons from asserting their constitutional rights, where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it," Juidice v. Vail, 430 U.S. 327, 338 (1977), or for other "extraordinary circumstances." Middlesex, 457 U.S. at 437. Luster bears the

9

burden of "alleging and proving" the application of any of these exceptions. Juidice, 430 U.S. at 338.

Luster claims that the grievance committee vice chairman and Bar counsel are arbitrarily and discriminatorily enforcing the audit rule in the absence of probable cause, but he alleges no facts to support that (other than his own apparent supposition that the grievance committee's interviews with him and his four clients and review of his files left the committee with no basis to enforce the audit rule), and nothing in this record suggests anything of the sort. See, e.g., Henry, 2016 WL 9631676, at *3 (rejecting argument that any Younger exception applied where lawyer "generally disagree[d] with the manner or extent" of The Florida Bar's investigation into her conduct); Thompson, 526 F. Supp. 2d at 1278 ("[A]n attorney involved in disciplinary proceedings cannot avoid Younger/Middlesex abstention by the simple expedient of maintaining . . . that the disciplinary charges against him lack merit."). Luster has not carried his burden to demonstrate the application of any exception to the Younger doctrine.

The Younger abstention doctrine bars the Court from considering Luster's claims. He is therefore unable to show a substantial likelihood of

success on the merits, a necessary prong to securing a preliminary injunction.[4] Keister, 879 F.3d at 1287.

Although the Court's ruling is in the limited context of a motion for preliminary injunction, the determination that the Younger doctrine precludes the Court from addressing Luster's claims dictates the dismissal of this lawsuit. Before doing so, however, the Court will give Luster an opportunity to state whether some other course is warranted.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Preliminary Injunction (Doc. 4) is **DENIED**.

2. No later than **August 16, 2019**, Luster shall file a motion advising the Court how he wishes to proceed. No later than **September 16, 2019**, The Florida Bar should respond to any motion filed.

**DONE AND ORDERED** in Jacksonville, Florida the 17th day of July, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

---

[4] The Court therefore need not address The Florida Bar's other arguments as to why preliminary injunctive relief should not issue.

s.
Copies:
Counsel of record